**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CLAUDIA CHERA, as parent and natural guardian of S.C., and CLAUDIA CHERA, Individually,

                                      Plaintiffs,

          - against -

THE NEW YORK CITY DEPARTMENT OF EDUCATION,

                                        Defendant.

25 Civ. 1710 (RMB)

**DECISION & ORDER**

Plaintiff Claudia Chera ("Plaintiff") filed this complaint in federal court seeking reversal of New York State educational agency rulings, which denied reimbursement to Plaintiff. (Compl., dated Feb. 28, 2025, at 1, 14). Plaintiff had applied for educational services on behalf of S.C., Plaintiff's disabled minor child, and had enrolled S.C. at a private elementary school during the 2023-24 academic year. (Compl., dated Feb. 28, 2025, at 1; Compl., dated Feb. 28, 2025, Ex. B, at 32 ("Ex. B.")).

Although Plaintiff had the (obvious) ability to appeal in the New York State Supreme Court under New York State law, Plaintiff seeks before this Court a "*de novo* review of the decision of the New York Office of State Review (SRO), dated October 30, 2024, modifying an Impartial Hearing Officer's (IHO) decision" which had "awarded limited funding for speech language therapy (SLT) and occupational therapy (OT)." (Compl., dated Feb. 28, 2025, at 1); *see* N.Y. Educ. L. §§ 3602-c; 4404.[1]

---

[1] Any final determination or order of a state review officer may be reviewed in a proceeding brought in the New York State Supreme Court. N.Y. Educ. L. §§ 3602-c, 4404.

Following the decision of the New York State Impartial Hearing Officer, dated July 29, 2024, the New York State Review Office declined to award Plaintiff **any** funding. (Ex. A, at 25; Ex. B, at 39). Rather, the State Review Office "dismiss[ed] all Plaintiff's claims" because Plaintiff "did not provide the district with written notice requesting . . . services prior to June 1, 2023." (Compl., dated Feb. 28, 2025, at 1; Ex. B, at 39); *see* N.Y. Educ. L. § 3602-c. Plaintiff now contends that the "SRO [d]ecision should be reversed and all of Plaintiff's relief requested for the 2023-2024 school year should be granted." (Compl., dated Feb. 28, 2025, at 12).

Defendant New York City Department of Education has moved to dismiss this Federal case because "Plaintiff's claims arise only under state law" and Plaintiff's "preemption argument is meritless."[2] (Def. Reply Mem. of Law in Opp'n to Pl. Opp'n to Mot. to Dismiss, dated July 30, 2025 ("Def Repl."), at 2, 4). Comparable decisions in this Circuit have ruled that the kinds of issues presented by Plaintiff are distinctly New York State law matters and belong in New York State Supreme Court. They do not belong in Federal court. *See, e.g.*, *Bay Shore*, 485 F.3d at 734. "Case[s] turn[ing] entirely on a state-law issue . . . cannot form the basis of federal question jurisdiction." *Id.* Plaintiff's challenge to "the decisions of the IHO and the SRO in the state administrative review process turn on an issue of pure state law." *Manos v. New York City Dep't of Educ.*, No. 25-CV-1101, 2026 WL 587792, at *6 (S.D.N.Y. Mar. 3, 2026). **For the reasons stated below, Defendant's motion to dismiss is GRANTED.**

## I.    NEW YORK STATE STATUTORY SCHEME

---

[2] Preemption includes "[a] state law that impermissibly conflicts with federal law, 'where compliance with both federal and state regulations is a physical impossibility,' or, in the alternative, where the state law stands as an obstacle to the accomplishment and execution of full purposes and objectives of congress." *V.D. v. New York*, 403 F.Supp.3d 76, 86 (E.D.N.Y. 2019) (citation omitted); (*see also* Pl. Mem. in Opp'n to Mot. to Dismiss, dated June 25, 2025, at 12).

The Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 et seq., requires "states to establish a 'basic floor of meaningful, beneficial educational opportunity'" for students with disabilities. *Bay Shore*, F.3d at 733 (2d Cir. 2006) (citation omitted). For disabled students enrolled in public schools or students referred to private schools by local school districts, IDEA requires states to develop what is called an Individualized Education Program (IEP). *See Manos*, slip op. at *6. "An IEP 'spells out' for each child with a qualifying disability a 'personalized plan to meet all of the child's educational needs.'" *A.J.T. ex rel. A.T. v. Osseo Area Schs., Indep. Sch. Dist. No. 279*, 605 U.S. 335, 340 (2025) (citation omitted). **Students who are placed by their parents in private schools, (i.e., parentally-placed private school students) "are not entitled to receive the same level of services as public school students."** *Dist. of Columbia v. Ward*, 901 F.Supp.2d 77, 82 n.7 (D.D.C 2012).

New York State law "guarantees a higher level of entitlement [than IDEA] to disabled students" who are parentally-placed in private schools. *Manos*, slip op. at 5, 6. For example, the New York State Department of Education is required to develop and implement what are called "Individualized Education Services Programs" (or "IESPs").[3] *Id.* at *6. New York State law also requires that individualized plans must be developed based upon each student's individual needs "in the same manner and with the same contents as an IEP." *Id.*; *see infra.*

New York State law also includes a two-tier system of administrative review of issues related to IESPs, including for example hearings concerning reimbursement for special education services. *Manos*, slip op. at *2; *see* SRO Dec. No. 25-028, dated May 28, 2025, at 11, 18. "At

---

[3] Individualized Education Service Programs are created by a committee of parents, teachers, and school psychologists. *See* SRO Dec. No. 25-025, dated May 28, 2025. Each plan is a "written statement that sets out the child's present educational performance, establishes annual and short-term objectives for improvements in that performance, and describes the specially designed instruction and services that will enable the child to meet those objectives." *R.G. v. N.Y. City Dep't of Educ.*, 585 F.Supp.3d 524, 528 (S.D.N.Y. 2022); *see* N.Y. Educ. L. § 3602-c

3

the first level of review, an impartial hearing officer [] appointed by the local board of education conducts a due process hearing." *M.M. ex rel. J.M. v. New York City Dep't of Educ.*, No. 09-CV-5236, 2010 WL 2985477, at *2 (S.D.N.Y. Jul. 27 2010); N.Y. Educ. L. § 3602-c. Following the decision of the Impartial Hearing Officer, an aggrieved party may appeal to a New York State review officer. *Id.* **Additionally, "[t]he SRO's decision may be appealed via civil suit in New York State Supreme Court."[4]** *Hardison v. Bd. of Educ. of the Oneonta City Sch. Dist.*, 773 F.3d 372, 376 (2014); *see* N.Y. Educ. L. §§ 3602-c, 4404

Under New York State law, parents who voluntarily place their children in private schools may obtain private special education services. *See* SRO Dec. No 25-025, dated May 28, 2025, at 11. "They do so, however, at their own financial risk." *Id.* After resolving an IESP dispute, the Impartial Hearing Officer and/or the State Review Office may award retroactive reimbursement as a remedy. *See id.* First, the hearing officer must find that the parent provided a written request for services during the upcoming school year by June 1. *See* N.Y. Educ. L. § 3602-c; SRO Dec. No. 24-391, dated Oct. 30, 2024, at 8-9. Second, the hearing officer considers whether the parents provided "ten-day" notice and that they were dissatisfied with the services provided and that they intended to seek private school services. *See, e.g.*, SRO Dec. No. 24-275. It should be noted that applications for reimbursement are "not infrequently" denied, based upon parents' failure to provide the New York State Department of Education with timely notice. *See, e.g.*, *Stevens ex. rel. E.L. v. New York City Dep't of Educ.*, No. 09-cv-5327, 2010 WL1005165, at *10 (2010) (affirming New York State agency's dismissal of claims for reimbursement for lack of timely notice to the New York State Department of Education).

## II.    STATE AGENCY DECISIONS

---

[4] Plaintiff in this case has bypassed the New York State Supreme Court. (*See* Compl., dated Feb. 28, 2025, at 1-8).

On May 23, 2024, Plaintiff filed a complaint with the New York State Impartial Hearing Officer, contending that the New York State Department of Education "failed to implement an [I]ndividualized [E]ducation [S]ervices [P]rogram for [for S.C.] for the 2023-2024 school year." Plaintiff sought over $100,000 as reimbursement for her child's speech therapy, occupational therapy, and special education services. (*See* Compl., dated Feb. 28, 2025, Ex. A, at 19, 24, 25 ("Ex. A")).[5]

After a hearing, the Impartial Hearing Officer decided that although S.C. may have been entitled to an Individualized Education Service Program for the 2023-24 school year, Plaintiff was required (but failed) to provide "a 'Ten-Day Notice'" to the school district before S.C. could obtain private services. (*See id.* at 24). The purpose of the "Ten-Day Notice" is to "give school districts an opportunity to discuss with parents objections to the [IESP] and to offer changes to the [IESP]" — all before parents" unilaterally obtain private services, and then seek reimbursement. *See* SRO Dec. No. 24-324, dated Oct. 23, 2024, at 13. In the absence of a "Ten-Day Notice," the hearing officer found that a "10% reduction in the award of S[peech] L[anguage] T[herapy] and O[ccupational] T[herapy] funding is warranted." (Ex. A, at 24). The Impartial Hearing Officer also "denied any funding for the special education teacher support services." (Compl., dated Feb. 28, 2025, at 2). All in all, Plaintiff received approximately $26,000 from New York State Department of Education compared to the total $100,000 requested. (*Id.* at 19, 23 24, 25).

Plaintiff appealed the Impartial Hearing Officer's ($26,000) decision to the State Review Office. (*Id.* at 9). On appeal, Plaintiff alleged that the Impartial Hearing Officer erred by: (i)

---

[5] Plaintiff obtained over $100,000 worth of services during the 2023-24 academic year. (Ex. A, at 19, 24, 25).

reducing funding for the Speech Language Therapy and Occupational Therapy; and (ii) denying any funding for Special Education Teacher Support Services. (*Id.* at 9, 11). Defendant cross-appealed, arguing that the Impartial Hearing Officer "should have denied claims based on the failure to send a June 1 Notice."[6] (*Id.* at 10); *see* N.Y. Educ. L. § 3602-c.

On October 30, 2024, the SRO dismissed the Plaintiff's appeal in its entirety and sustained the Department of Education's cross appeal, stating the following:

> [T]he parent did not provide the district with written notice requesting [IESP] services prior to June 1, 2023 as required by [New York] Education Law § 3602-c, and therefore the student was not entitled to equitable services for the 2023-24 school year, and the parent's requested relief in the form of funding for unilaterally obtained services must be denied. (Compl., dated Feb. 28, 2025, Ex. B, at 10).

Rather than filing an appeal in New York State Supreme Court pursuant to New York Law § 4404, Plaintiff filed the instant complaint in Federal court seeking review and reversal of the State Review Office decision(s). (Comp, dated Feb. 28, 2025, at 12); *see* N.Y. Educ. L. § 3602-c.

## III.    ANALYSIS

### A.  THE CASE PRESENTS STATE LAW QUESTIONS

In *Bay Shore*, a case very similar to the instant case, the Second Circuit held that "**a federal court may not exercise jurisdiction over a civil action brought under [IDEA,] 20 U.S.C § 1415(i)(2)[,] if the claims asserted turn exclusively on matters of state law.**" *Bay Shore*, **485 F.3d at 736**. Plaintiff's claims turn "exclusively on matters of state law." *Id.* New York State law guarantees students the right to an Individualized Education Service Program. *Manos*, slip op. at *5, 6. If services offered under the New York State program were to be found inadequate, New York State law — not federal law — authorizes (additional) reimbursement for special

---

[6] The "June 1" notice requirement is a different notice requirement than the "Ten-Day" notice requirement, which the Impartial Hearing Officer relied on to reduce the funding awarded to Plaintiff.

education and related services. *See* SRO Dec. No. 2025-025, dated May 28, 2025, at 13.

Similarly, New York State law enables Plaintiff to file a due process complaint with the

Impartial Hearing Officer, and thereafter to appeal to the State Review Office. *Manos*, slip op. at

\*6. This case turns upon state-law issues and "cannot form the basis of federal question

jurisdiction." *Bay Shore*, 485 F.3d at 735. And, it is New York State Supreme Court that has

specialized knowledge and expertise in New York education law. *See Windward Bora, LLC v.*

*Bank of N.Y. Mellon*, No. 19-CV-858, 2020 WL 7042761, at \*7 (E.D.N.Y. Nov. 30, 2020).

In *Bay Shore*, as here, the local school district filed a complaint in Federal court seeking

reversal of the New York State Review Office decision. *Bay Shore*, 485 F.3d. at 731-33. The

New York State Review Office decision required the local school district to provide a private

school student with a one-on-one teacher's aide for three hours per day. *Id.* at 731-33. The

Second Circuit held that the district court "improperly assumed jurisdiction." *Id.* at 732. The

Circuit Court declined to construe 20 U.S.C. § 1415(i)(2)(A) to litigate an issue of state law, i.e.,

"to be challenged in federal court independent of a federal question." *Id.* at 736. The Second

Circuit also determined that it "cannot discern a strong federal interest in adjudicating whether

the School District must provide [the student] a one-to-one aide in the school of his choosing."

*Id.* at 735. "The school district has raised no federal question in this suit" that supports subject

matter jurisdiction. *Id.* at 736.

Similarly, in *Manos v. New York City Dep't of Education*, No. 25-CV-1101, 2026 WL

587792 (S.D.N.Y. Mar. 3, 2026), the District Court (as in the instant case) dismissed a case

seeking review of a State Review Office decision for lack of subject matter jurisdiction. *Manos*,

slip op. at \*1. "[I]t is New York law — not the IDEA — that ensures 'students with IESPs are

entitled to equivalent rights as students with IEPs." *Id.* at \*7. The parent in *Manos* had appealed a

7

State Review Office decision which dismissed a parent's application for reimbursement for Individualized Education Service Program services. *Id*. at \*2-3.

**The *Manos* court adopted *Bay Shore* and held that Plaintiff's "challenge to the decisions of the IHO and SRO in the state administrative review process turn[ed] on issues of pure state law."** *Id*. at \*6 (Emphasis added). The *Manos* court reasoned that students' rights to the services and procedural safeguards of Individualized Education Service Programs are "guaranteed to parentally-placed students only through state law." *Id*. at \*5. **"Indeed, Plaintiffs were able to file a complaint through the two-tier administrative review process because New York law has gone above the floor set by the IDEA and extended that specific mechanism to private school students with IESPs."** *Id*. **at \*6 (emphasis added).**

"[F]ederal question jurisdiction is not triggered when the due process rights asserted by Plaintiffs are provided by New York law." *Id*. at 5. The *Manos* court determined that the Plaintiff "[did] not present a federal question and therefore cannot establish this Court's subject matter jurisdiction." *Id*. at \*6. Based upon Second Circuit jurisprudence, this Court similarly concludes that Plaintiff's claims do not form the basis of subject matter jurisdiction. *See, e.g., Bay Shore*, 485 F.3d at 731; *Manos*, slip op. at \*7. Individualized Education Service Programs are creatures of New York State law. *Id*. at \*6.

### B. NO CONFLICT

As Defendant contends, "there is no conflict between the IDEA and New York State Education Law. (Def. Repl., at 7-8). Plaintiff unpersuasively asserts that [New York's June 1 Notice] statute "conflicts with the IDEA and is therefore preempted by the IDEA." (Def. Repl., at 2; Pl. Opp'n, at 9).

"It is well-settled that IDEA does not preempt state law." *Delgado*, 2014 WL 5761412, at *4 n.3. "[E]ducation is a traditional concern of the states." *Bronx Household of Faith v. Bd. of Educ. of City of New York*, 331 F.3d 342, 368 (2d Cir. 2003). IDEA "does not usurp the state's traditional role in setting educational policy." *Alleyne v. N.Y. State Educ. Dep't*, 691 F.Supp.2d 322, 331 (N.D.N.Y. 2010). Under IDEA, "[i]t is up to the states to determine how to go about providing . . . services" to parentally-placed private school children. (Def. Repl., at 3); 20 U.S.C. § 1412; 34 C.F.R. §§ 300.130-300.144; *see K.R. by M.R. v. Anderson Comm. Sch. Corp.* 81 F.3d 673, 679 (7th Cir. 1997); *cf. Sarah M. Weast*, 111 F. Supp. 2d 695, 698, 700, 703 (D.M.D. 2000).

New York Education Law § 3602-c requires that parentally-placed private school students provide notice to school districts intending to seek Individualized Education Service Program services. *See* N.Y. Educ. L. § 3602-c. This New York State law does not contradict the with the IDEA. "IESPs are exclusively a creation of state law with their own requirements, distinct from IDEA." (Def. Repl., at 3); *see Manos*, slip op. at *6; 34 C.F.R. §§ 300.130-300.144. In fact, the New York State law does not "directly contradict [any] timeline laid out in the IDEA." (Def. Repl., at 4). "[I]t is entirely possible to comply with both the IDEA and N.Y. Educ. Law § 3602-c." (Def. Repl. at 3); *see Amelia C'nty Bd. of Educ.*, 661 F.Supp. 889, 894 (E.D.V.A. 1987) (no preemption).

In sum, IDEA does not preempt New York Education Law § 3602-c, and the Court lacks subject matter jurisdiction. *See Delgado*, 2011 WL 57661412, at *4.

9

## C.  CONCLUSION & ORDER

For the reasons stated above, the Defendant's motion to dismiss is granted. *See, e.g., Bay Shore*, 485 F.3d at 736; *Manos*, slip op. at \*6; *Law Off. of Philippe J. Gerschel v. New York City Dep't of Educ.,* No. 1:24-CV-06303, 2025 WL 466973, at \*7 (S.D.N.Y. Feb. 1, 2025).

Date:   April 8, 2026
New York, New York

RICHARD M. BERMAN, U.S.D.J.